**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
-------------------------------------------------------------X
BEN RACHMANI,                                       :          Case No.:
                                                    :
                     Plaintiff,                     :
                                                    :          **COMPLAINT**
        v.                                          :          **AND JURY DEMAND**
                                                    :
BAR ROOD BOYS LLC d/b/a VEGANIZED;                  :
VEGANATION LLC d/b/a VEGANIZED;                     :
COURT TAVERN LLC d/b/a VEGANICA a/k/a               :
SPACE LOUNGE; RON BITON;                            :
GEORGE BARROOD; LIZ BARROOD;                        :
and MIKE BARROOD;                                   :
                                                    :
                     Defendants.                    :
-------------------------------------------------------------X

Plaintiff Ben Rachmani ("Plaintiff") by and through his attorneys, Mizrahi Kroub LLP, as and for his Complaint against Defendants Bar Rood Boys LLC d/b/a Veganized; Veganation LLC d/b/a Veganized; Court Tavern LLC d/b/a Veganica a/k/a Space Lounge; Ron Biton; George Barrood; Liz Barrood; and Mike Barrood (collectively "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action for monetary damages and equitable relief brought by Plaintiff Ben Rachmani against Defendants Bar Rood Boys LLC d/b/a Veganized; Veganation LLC d/b/a Veganized; Court Tavern LLC d/b/a Veganica a/k/a Space Lounge; Ron Biton; George Barrood; Liz Barrood; and Mike Barrood, arising from Defendants' systemic violations of federal and state wage and hour laws.

2.      Plaintiff, a former employee of Defendants, asserts claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a *et seq*., for Defendants' failure to pay minimum wages, overtime wages, and earned tips.

1

3.     Plaintiff further asserts claims under the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1 *et seq*., for Defendants' failure to pay timely wages. Additionally, Plaintiff brings a claim for breach of contract due to Defendants' failure to pay the agreed-upon weekly salary of $1,500.00. These violations occurred during Plaintiff's employment from September 2023 to January 1, 2025, in New Brunswick, New Jersey.

4.     Plaintiff seeks compensatory damages, liquidated damages, attorneys' fees, costs, interest, and other equitable relief to remedy Defendants' willful and egregious misconduct.

## JURISDICTION AND VENUE

5.     Jurisdiction of this Court is proper under 28 U.S.C. §§ 1331.

6.     The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. § 1367.

7.     Venue is proper in this district based upon the fact that a substantial part of the events and omissions giving rise to the claim occurred within the District of New Jersey. 28 U.S.C. § 1391(b).

## PARTIES

8.     Plaintiff is a former employee of Bar Rood Boys LLC d/b/a Veganized; Veganation LLC d/b/a Veganized; Court Tavern LLC d/b/a Veganica a/k/a Space Lounge; Ron Biton; George Barrood; Liz Barrood; and Mike Barrood.

9.     Bar Rood Boys LLC d/b/a Veganized is a domestic limited liability company organized and existing under the laws of the State of New Jersey with its principal place of business located at 1 Elm Street, New Brunswick, New Jersey 08901.

10.     Veganation LLC d/b/a Veganized is a domestic limited liability company

organized and existing under the laws of the State of New Jersey with its principal place of business located at 1 Elm Street, New Brunswick, New Jersey 08901.

11.    Court Tavern LLC d/b/a Veganica a/k/a Space Lounge is a domestic limited liability company organized and existing under the laws of the State of New Jersey with its principal place of business located at 124 Church Street, New Brunswick, New Jersey 08901.

12.    Defendants Ron Biton, George Barrood, Liz Barrood, and Mike Barrood are co-owners of: Bar Rood Boys LLC d/b/a Veganized; Veganation LLC d/b/a Veganized; and Court Tavern LLC d/b/a Veganica a/k/a Space Lounge.

13.    Throughout Plaintiff's employment, each of the individual Defendants had unfettered power over Plaintiff and other employees, including but not limited to, the power to hire, fire, set schedule, set pay rates, supervise, and manage the day-to-day activities.

## FACTUAL ALLEGATIONS

14.    Plaintiff was jointly employed by Defendants at their restaurants/businesses in New Brunswick, New Jersey, from September 2023 to January 1, 2025.

15.    Despite the various name changes, entity formations, and internal dealings, Defendants operated as a single enterprise, functioning as partners in business while attempting to evade accountability.

16.    At the Veganized location, the bar operates under Bar Rood Boys LLC and the restaurant under Veganation LLC, both doing business as Veganized.

17.    Similarly, at another location, the main-floor restaurant operated under Court Tavern LLC d/b/a Veganica, while the basement speakeasy operated under the same entity d/b/a Space Lounge.

18.    At Defendants' group of restaurants, Plaintiff held multiple roles, including

General Manager, Beverage Director, Social Media Manager, and Entertainment Coordinator.

19.    Although Plaintiff's title included managerial duties, the majority of his work was bar-related. More than half of Plaintiff's working hours were spent behind the bar performing tasks integral to the bar's operations.

20.    Plaintiff's bar-related duties included creating and preparing beverage recipes, maintaining bar inventory, ordering supplies, training and supervising bar staff, and serving customers. Plaintiff also developed the bar's beverage program and coordinated entertainment to promote bar sales and attendance.

21.    These bar operations were conducted under Bar Rood Boys LLC, doing business as Veganized.

22.    Despite performing the majority of his work for Bar Rood Boys LLC and managing its bar operations, Plaintiff was paid only a flat weekly salary of $1,500.00, plus tips that were not consistently paid.

23.    Over the course of approximately eighteen months of employment, Plaintiff never received any credit card tips and was not paid for every week he worked.  Plaintiff received only thirteen paychecks, each covering two weeks of pay, even though he worked continuously for roughly sixty-eight weeks and should have received approximately thirty-four paychecks.

24.    Plaintiff's additional duties included overseeing restaurant operations, managing social media for multiple establishments, and launching and coordinating a live music program at Space Lounge.

25.    Plaintiff was routinely required to work on his scheduled days off and frequently performed job duties before and after regular business hours.

4

26.    Such duties included scouting talent for performances at Space Lounge, promoting events, responding to customer inquiries, conducting meetings, and performing administrative tasks on behalf of Defendants.

27.    Plaintiff also successfully onboarded Defendants' restaurants onto multiple third-party delivery platforms, expanding their operational reach and increasing revenue.

28.    At Veganized, Plaintiff modernized the ticketing system by transitioning from paper tickets to digital tickets, a process that involved negotiating with vendors and implementing new technology.

29.    Plaintiff regularly worked five days a week with frequent 12-hour shifts, sometimes working up to 15 hours in a workday.

30.    Plaintiff consistently worked significant overtime and off-the-clock hours without pay and did not receive onboarding paperwork, wage statements, or consistent pay.

31.    For the first six months of employment, Plaintiff was the sole bartender, preventing him from taking any rest or meal breaks, which he was denied throughout his entire employment.

32.    Beyond the first six months, more than half of Plaintiff's time was dedicated to bar-related duties, including bartending, creating beverage menus, managing bar operations, and performing administrative tasks, with all bar sales controlled by Bar Rood Boys LLC.

33.    From the start of his employment, Plaintiff experienced consistent underpayment, unpaid wages, and unpaid tips.

34.    Plaintiff repeatedly raised these concerns with Defendants, who assured him he would be paid after the opening of a new location, the receipt of a government check, or

upon the securement of a loan.

35.     Additionally, on multiple separate occasions in late August 2024, late October and early December 2024, when Plaintiff threatened to leave due to unpaid wages, Defendants promised Plaintiff raises to $2,000 per week and subsequently to $2,500 per week as an incentive to continue working, but these raises were never implemented.

36.      Defendants subsequently opened the new location, received the government check, and secured the loan, yet still failed to pay Plaintiff the wages, tips, or raises owed to him.

37.     Plaintiff's employment ended on January 1, 2025, following approximately eighteen months of unpaid overtime, withheld tips, denied breaks, and repeated misrepresentations regarding his compensation.

38.     As a direct result of Defendants' unlawful conduct, including repeated underpayment of wages, failure to pay tips, denial of breaks, off-the-clock work, and misrepresentation of compensation, Plaintiff suffered significant emotional distress, anxiety, and mental anguish. Plaintiff experienced stress, worry, and humiliation due to financial insecurity, ongoing disputes over earned wages, and the uncertainty caused by Defendants' intentional mismanagement and refusal to pay him fairly. These harms were exacerbated by Defendants' repeated assurances that Plaintiff would be paid, which were false and misleading, causing Plaintiff continued emotional and psychological strain throughout his employment. Defendants' conduct was intentional, malicious, and in reckless disregard of Plaintiff's rights, knowing that their unlawful conduct would cause Plaintiff financial and emotional harm.

**AND AS FOR A FIRST CLAIM OF RELIEF AGAINST DEFENDANTS**
**(Failure to Pay Minimum Wage: FLSA)**

39.     Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

40.     The Fair Labor Standards Act (FLSA), 29 U.S.C. § 206, requires employers to pay employees a minimum wage of at least $7.25 per hour for all hours worked.

41.     During his employment with Defendants, Plaintiff was not paid any wages for approximately 68 weeks of work, which constitutes a failure to pay the federal minimum wage for the hours he worked.

42.     Defendants' withholding the federal minimum wage was willful.

43.     As a result of Defendants' violations of the FLSA, Plaintiff is entitled to recover unpaid minimum wages in an amount to be determined at trial, liquidated damages, reasonable attorneys' fees, costs, and prejudgment interest.

## AND AS FOR A SECOND CLAIM OF RELIEF AGAINST DEFENDANTS
### (Failure to Pay Minimum Wage: N.J.S.A)

44.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

45.     Pursuant to the applicable provisions of the N.J.S.A. 34:11-56a4, Plaintiff was entitled to the statutory minimum hourly wage for all of the hours he worked.

46.     By the conduct alleged herein, Defendants knowingly failed to pay Plaintiff the statutory minimum wage for all of the hours he worked.

47.     As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

## AND AS FOR A THIRD CLAIM OF RELIEF AGAINST DEFENDANTS

**(Failure to Pay Overtime Wages: FLSA)**

48.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

49.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

50.     Defendants are subject to the overtime pay requirements of the FLSA because the corporate Defendant is an enterprise engaged in commerce.

51.     At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

52.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

53.     By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

54.     Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

55.     Defendants did not act in good faith with respect to the conduct alleged herein. As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation.

**AND AS FOR A FOURTH CLAIM OF RELIEF AGAINST DEFENDANTS**
**(Failure to Pay Overtime Wages: N.J.S.A)**

56.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

57.    Pursuant to the applicable provisions of N.J.S.A. 34:11-56a4, Plaintiff was entitled to overtime wages of one and one-half (1.5) times his regular hourly rate of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

58.    Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

59.    However, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times his regular hourly rate of pay or the minimum wage, for each hour worked in excess of forty (40) per week.

60.    As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants: all overtime wages due, along with liquidated damages, reasonable attorneys' fees, prejudgment interest, and costs.

61.    As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages in an amount equal to two hundred percent (200%) of his unpaid overtime wages.

**AND AS FOR A FIFTH CLAIM OF RELIEF AGAINST DEFENDANTS**
**(Failure to Pay Timely Wages: N.J.S.A)**

62.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

63.    At all relevant times, Defendants failed to pay Plaintiff the full amount of

9

wages due to him at least twice during each calendar month, on regular paydays designated in advance, in violation of N.J.S.A. 34:11-4.2.

64.    Defendants failed to pay Plaintiff all wages due to him not later than the regular payday for the pay period in which he was terminated, in violation of N.J.S.A. 34:11-4.3.

65.    Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action for all unpaid wages, liquidated damages, prejudgment interest, costs, and such other legal and equitable relief as this Court deems just and proper.

## AND AS FOR A SIXTH CLAIM OF RELIEF AGAINST DEFENDANTS
### (Failure to pay for Off-the-Clock Work: FLSA)

66.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

67.    The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), mandates that covered employees must be compensated for all hours worked, including overtime for hours worked in excess of 40 per workweek at a rate of no less than one and one-half times the regular rate of pay.

68.    At all relevant times, Plaintiff was an "employee" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e), and Defendants were "employers" as defined in 29 U.S.C. § 203(d).

69.    From approximately September 2023 to January 1, 2025, Plaintiff worked for Defendants in multiple roles at restaurants located in New Brunswick, New Jersey.

70.    Plaintiff regularly worked in excess of 40 hours per week, as well as additional off-the-clock hours and even working on his scheduled days off. Plaintiff was also denied any rest or meal breaks throughout the duration of his employment.

71.     Defendants' failure to pay Plaintiff for off-the-clock work violates the FLSA.

72.     Defendants acted willfully and with reckless disregard for Plaintiff's rights under the FLSA, thereby entitling Plaintiff to liquidated damages in an amount equal to the unpaid wages pursuant to 29 U.S.C. § 216(b).

## AND AS FOR AN SEVENTH CLAIM OF RELIEF AGAINST DEFENDANTS
### (Unpaid Tips: FLSA)

73.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

74.     The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(m), governs the proper distribution of tips earned by employees and prohibits employers from withholding tips or retaining any portion of tips received by employees for their own use.

75.     Plaintiff was employed by Defendants from September 2023 through January 1, 2025.

76.     Plaintiff worked at various restaurant establishments operated by Defendants in New Brunswick, New Jersey.

77.     During his employment, Plaintiff regularly performed tipped work, including but not limited to bartending and other front-of-house duties that customarily generate gratuities.

78.     Plaintiff was promised a weekly salary of $1,500.00, plus tips.

79.     Despite performing substantial tipped duties throughout his employment, Plaintiff never received any of the credit card tips he had earned.

80.     Defendants unlawfully retained tips intended for Plaintiff, in direct violation of 29 U.S.C. § 203(m)(2)(B), which prohibits employers from keeping tips received by

11

employees for any purposes.

81.    Defendants' conduct was willful and carried out in reckless disregard for Plaintiff's rights under the FLSA, thereby entitling Plaintiff to recovery of all unlawfully withheld tips, in addition to liquidated damages under 29 U.S.C. § 216(b).

**AND AS FOR AN EIGHT CLAIM OF RELIEF AGAINST DEFENDANTS**
**(Breach of Contract)**

82.    Defendants employed Plaintiff and agreed to compensate him at a rate of $1,500.00 per week, plus tips.

83.    Plaintiff performed work for the benefit of Defendants working various positions at several establishments.

84.    For some time, Plaintiff was compensated as agreed.

85.    However, Defendants subsequently breached the agreement by failing to compensate Plaintiff for the majority of the weeks that he worked.

86.    As a direct and proximate result of Defendants' breach, Plaintiff has suffered significant economic damages, including lost wages and tips.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, by and through his attorneys, Mizrahi Kroub LLP, demands judgment against Defendants, jointly and severally, and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.  Declare and find that Defendants committed one or more of the following acts:

i.   Willfully violated provisions of the FLSA by failing to pay Plaintiff minimum wage, overtime compensation, off-the-clock work, unpaid tips and failing to provide wage

12

statements.

    ii.  Willfully violated the provisions of the N.J.S.A. by failing to pay Plaintiff minimum wage, overtime compensation and timely wages.

B.  Award compensatory damages, including all unpaid wages owed, in an amount to be determined at trial;

C.  Award liquidated damages under the N.J.S.A. or, in the alternative, the FLSA;

D.  Award interest on all unpaid wages due accruing from the date such amounts were due;

E.  Award all costs and attorneys' fees incurred in prosecuting this action;

F.  An award of damages against Defendants, jointly and severally, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for his mental anguish, psychological harm, and emotional distress;

G.  An award of punitive damages and any other applicable penalties in an amount to be determined at trial; and

H.  Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: New York, New York
July 15, 2026                 Respectfully submitted,

**MIZRAHI KROUB LLP**

 /s/ Edward Kroub
By: Edward Kroub, Esq.
*Attorneys for Plaintiff*
225 Broadway, 39th Floor
New York, New York 10007
Tel: (212) 595-6200
Email: ekroub@mizrahikroub.com

13